UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ISBEL RODRIGUEZ-FERNANDEZ,

      Petitioner,

    v.                                                  Case No.:  2:26-cv-01811-SPC-KRH

WARDEN, FLORIDA SOFT SIDE
SOUTH *et al.*,

      Respondents,

_____/

## OPINION AND ORDER

Before the Court are petitioner Isbel Rodriguez-Fernandez's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 7).

Rodriguez-Fernandez is a native of Cuba who was paroled into the United States on May 13, 2002.  He failed to timely adjust his status to lawful permanent resident, an immigration judge ordered him removed to Cuba on February 3, 2011.  Immigration and Customs Enforcement ("ICE") released him under an order of supervision because there was no significant likelihood of removal in the reasonably foreseeable future.  ICE detained Rodriguez-Fernandez again in 2017 but was unable to remove him and released him under another order of supervision.

On December 23, 2025, local law enforcement arrested Rodriguez-Fernandez for petit theft, and ICE issued an immigration detainer.  On February 11, 2026, ICE took custody of Rodriguez-Fernandez and notified him

it revoked his release because it was appropriate to enforce his removal order. Rodriguez-Fernandez is currently detained at Alligator Alcatraz. Rodriguez-Fernandez challenges the legality of his detention because removal is not reasonably foreseeable.

Before addressing the merits of Rodriguez-Fernandez's claim, the Court must address its jurisdiction. The respondents argue two sections of the INA strip the Court of jurisdiction over this action. They first points to a provision that bars courts from hearing certain claims. It states:

> Except as provided in this section and notwithstanding any other provisions of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). This jurisdictional bar is narrow. "The provision applies only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999); *see also Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) ("We did not interpret this language to sweep in any claim that technically can be said to 'arise from' the three listed actions of the Attorney General. Instead, we read the language to refer to just those three specific actions themselves.").

"When asking if a claim is barred by § 1252(g), courts must focus on the action being challenged." *Canal A Media Holding, LLC v. United States Citizenship and Immigration Servs.*, 964 F.3d 1250, 1258 (11th Cir. 2020).

The respondents also raise the INA's "zipper clause," which states:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court should have jurisdiction, by habeas corpus under section 2241 or title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such question of law or fact.

8 U.S.C. § 1252(b)(9). The zipper clause only applies to claims requesting review of a removal order. *See Madu v. U.S. Attorney Gen.*, 470 F.3d 1362, 1365 (11th Cir. 2006) (holding the INA did not divest the district court of jurisdiction over a § 2241 challenge to detention of the petitioner pending deportation).

Rodriguez-Fernandez does not challenge the commencement of a proceeding, the adjudication of a case, or the execution of his removal order. Nor does he ask the Court to review the removal order. Rather, Rodriguez-Fernandez challenges the legality of his detention under a framework devised by the Supreme Court for district courts to apply. *See Zadvydas*, 533 U.S. at 682 (stating the Court's limitation on post-removal detention "is subject to

federal-court review."). A decision in Rodriguez-Fernandez's favor would not impair ICE's ability to execute the removal order. The INA does not strip the Court of jurisdiction over this action.

The Court turns to the merits. "Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents argue Rodriguez-Fernandez's petition is premature because his current detention has not exceeded 180 days. They assume a six-month presumptively reasonable period of detention starts each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. It would effectively allow DHS to arbitrarily detain noncitizens and avoid judicial scrutiny by limiting consecutive periods of detention to 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Rodriguez-Fernandez has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The government was unable to remove him in 2011 and 2017, and there is still no agreement between the United States and Cuba to pave the way for

his repatriation.  The burden thus shifts to the respondents, but they make no attempt at rebuttal.

**A. Conclusion**

The Court finds no significant likelihood Rodriguez-Fernandez will be removed in the reasonably foreseeable future.  He is entitled to release from detention under *Zadvydas*.  If removal becomes likely in the reasonably foreseeable future, DHS can detain Rodriguez-Fernandez to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Isbel Rodriguez-Fernandez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondents shall release Rodriguez-Fernandez within 24 hours of this Order give him telephone access so he can arrange transportation from the facility.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on June 17, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record